IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW H. FURNISS, individually and as parent and natural guardian for B.F. (Minor) <br><br> Plaintiffs, <br><br> v. <br><br> CINEMARK HOLDINGS, INC. d/b/a CINEMARK CHRISTIANA and XD, CINEMARK U.S.A., INC. <br><br> Defendants. | ) C.A. No. <br> ) <br> ) TRIAL BY JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

## INTRODUCTION

Plaintiff, MATTHEW H. FURNISS, individually and as parent and natural guardian of BENJAMIN FURNISS, by his undersigned counsel, files this action against Defendants CINEMARK HOLDINGS, INC., d/b/a CINEMARK CHRISTIANA and XD, and CINEMARK U.S.A., INC., (hereinafter "Defendants") for personal injuries sustained while the minor plaintiff was lawfully on the premises of the Defendants.

## PARTIES

1. Plaintiff, MATTHEW H. FURNISS, is a citizen of the Commonwealth of Pennsylvania presently residing at 2350 Hillside Lane, Aston,

Pennsylvania 19014.

2.  Plaintiff, B.F. (Minor), (hereinafter referred to as the "minor plaintiff") is a citizen of the Commonwealth of Pennsylvania and resides with his father, plaintiff Matthew H. Furniss.  The minor plaintiff was four (4) years old at the time of the injury.

3.  Defendant, CINEMARK HOLDINGS, INC. d/b/a CHRISTIANA and XD, upon information and belief, is a Delaware corporation organized and existing under and by virtue of the laws of the State of Delaware, with service of process to be served on its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

4.  Defendant, CINEMARK U.S.A., INC., upon information and belief, is a foreign corporation organized and existing under and by virtue of the laws of the State of Texas, with service of process to be served on its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.  Cinemark U.S.A. is the corporate parent and owner of Cinemark Holdings Inc.

5.  Cinemark Holdings, Inc., and Cinemark U.S.A., Inc. are collectively referred to as the "Cinemark Defendants."  The Cinemark Defendants, upon information and belief, operate a movie theatre and entertainment business as Cinemark Christiana and XD at 1200 Christiana Mall, Newark Delaware 19702, the

location of minor plaintiff's personal injury, which is the subject matter of this action.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

6. Plaintiff hereby restates and avers as though fully set forth herein the averments contained in paragraphs 1 through 5 above.

7. Plaintiff's cause of action against Defendants arises out of the negligence and recklessness of the Defendants under the laws of the State of Delaware, where the plaintiff's personal injury claim arose.

8. This Court has jurisdiction over this matter on grounds of diversity of citizenship pursuant to 28 U.S.C.S. §1332 et seq. (2019). The Plaintiff is a citizen of the State of Pennsylvania. Cinemark Holdings is a corporation incorporated under the laws of the State of Delaware and does business in Delaware as Cinemark Christiana and XD at 1200 Christian Mall, Newark Delaware 19702. Defendant Cinemark U.S.A. is a Texas corporation with its principal place of business located in Plano, Texas.

9. The amount in controversy, without interest and costs, exceeds $75,000.00, the sum or value specified in 28 U.S.C.S. § 1332.

10. Venue and personal jurisdiction as to Plaintiff's claims against Defendant properly lies in the District of Delaware pursuant to 28 U.S.C.S. § 1391 as the claim arose in this judicial district, and the Defendants are doing business in

this judicial district at the time of commencement of this action.

## FACTUAL BACKGROUND

11. Plaintiff hereby restates and avers as though fully set forth herein the averments contained in paragraphs 1 through 10 above.

12. On August 25, 2019, minor plaintiff, in the company of his biological mother, while at all times exercising due care as a member of the general public was lawfully on the property of Cinemark Christiana and XD.

13. Prior to the August 25, 2019 incident, the Cinemark Defendants through its employees and agents placed several top-heavy and unstable, marble circular high top tables each surrounded by tall chairs in the concessions area of the theatre.

14. While in the concessions area, the minor plaintiff was pulling himself up into one of the tall chairs while holding unto the top-heavy and unstable table top supported by a single slim pillar with a very small base, when the table suddenly and without warning tipped over and violently fell unto minor plaintiff, severely injuring him.

## COUNT I – NEGLIGENCE

15. Plaintiff hereby restates and avers as though fully set forth herein the averments contained in paragraphs 1 through 14 above.

16. The Defendants were negligent in that they:

      a.    Created a dangerous condition in an area of the building over which they had control;

      b.    Permitted a dangerous condition to exist in an area of the building over which they had control;

      c.    Failed to implement readily available remedial measures to ensure the table would not fall over or otherwise pose a hazard;

      d.    Failed to warn patrons of the high risk that the table would tip over;

      e.    Failed to make its premises safe and secure for its visitors;

      f.    Failed to properly inspect its premises in order to identify hazards which could cause serious injuries to business invitees and users of its premises;

      g.    Failed to warn parents of children of the hazard;

      h.    Exposed the minor plaintiff to a dangerous situation;

      i.    Failed to otherwise exercise reasonable care; and

      j.    Were otherwise negligent as further discovery may demonstrate.

17.    At all times relevant thereto, and for many years before this incident, the Cinemark defendants were aware of a tip over hazard associated with heavy and unstable high top tables.

18.    According to estimates from the United States Consumer Product Safety Commission, more than 43,000 consumers are injured each year in tip-over incidents, with more than 25,000 of those injuries to children under the age of 18.

19. Furniture tip-overs have been recognized to be particularly hazardous for small children, who are at risk of being crushed to death by falling furniture or being severely injured.

20. Each of the aforementioned instances of negligence by the Defendants constitute the proximate cause of the minor plaintiff's resultant injuries and damages.

## **COUNT II RECKLESSNESS/WILLFUL AND WANTON CONDUCT**

21. Plaintiff hereby restates and avers as though fully set forth herein the averments contained in paragraphs 1 through 20 above.

22. The Defendants were reckless, willful and wanton in that they:

    a. Created a dangerous condition to exist in an area of the building over which they had control and knew children would utilize, by placing high top tables in its concession area that are extremely top heavy with marble countertops supported by a single slim pillar, presenting an unacceptable risk of tipping over;

    b. Knew or should have known of a dangerous condition to exist in an area of the building over which they had control and knew children would utilize, by placing high top tables in its concession area that are extremely top heavy with marble countertops supported by a single slim pillar with a very small base, presenting an unacceptable risk of tipping over;

    c. Knew or should have known of the need to and failed to implement readily available remedial measures to ensure the tables were not top heavy, were reasonably supported by more than a slim pillar, and would not fall over or otherwise pose a hazard;

    d. Knew or should have known of the need to and failed to warn parents of small children utilizing the concession area equipped with the top heavy unsafe tables of the very high risk that the table would tip over and that children

6

should not utilize the tables and/or needed to be closely supervised at all times while utilizing the tables;

  e. Knew or should have known of the need to and failed to make its premises safe and secure for its visitors; and

  f. Were otherwise reckless as further discovery may demonstrate.

## **COUNT III – RESPONDEAT SUPERIOR**

23. Plaintiff hereby restates and avers as though fully set forth herein the averments contained in paragraphs 1 through 22 above.

24. At the time of the incident, Cinemark Defendants were the principle employers and the safety, management, and supervisory staff were the Defendant's agents.

25. Evaluation of the premises for defects, dangers, and hazards, including hazards associated with the tables, was within the course and scope of the safety, management, and supervisory employees'/agents' agency.

26. At the time of the incident, Cinemark Defendants' employees consciously, recklessly, and negligently failed to properly address a safety hazard that upon information and belief had been known to exist to such employees.

27. Any and all liability of Cinemark Defendants' safety, management, and supervisory employees/agents is imputed to the Cinemark Defendants as the employer/principles.

## **DAMAGES**

28.  As a proximate result of the actions of the Defendants, including negligence and recklessness, the Plaintiffs have suffered or will suffer damages which include, but not limited to:

    a.  Amputation of his right index finger;

    b.  Personal injuries, some of which are permanent and disfiguring;

    c.  Pain and suffering;

    d.  Severe emotional distress and mental anguish;

    e.  Past and future medical expenses;

    f.  Loss of future earning capacity; and

    g.  Loss of enjoyment and quality of life in general.

29.  As a proximate result of the recklessness of the Defendants, as detailed in Count II above, Plaintiff is also entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for personal injuries, permanent disfigurement, pain and suffering, emotional distress, past and future medical expenses, loss of future earning capacity, punitive damages, interest, court costs and any other such relief that this Honorable Court deems just and proper.

McCANN & WALL, LLC

Dated: April 30, 2020    BY:    /s/ *Michael P. Minuti*
                                              Michael P. Minuti, Esq. (#6311)
                                              McCann & Wall, LLC
                                              300 Delaware Avenue
                                              Suite 805
                                              Wilmington, DE 19801
                                              (302) 888-1221
                                              Attorneys for Plaintiffs